JUDGE BUCHWALD

08 OFFICE COPY

08 CV 00422

Michael G. Goldberg (MG-2135)
Anika Lewis (AL-2005)
PRYOR CASHMAN LLP
410 Park Avenue
New York, New York 10022
Telephone: (212) 421-4100
Fax: (212) 326-0806
Email: mgoldberg@pryorcashman.com
        alewis@pryorcashman.com

and

Glenn S. Bacal
Frederick M. Cummings
David M. Andersen
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
The Collier Center, 11th Floor
201 East Washington Street
Phoenix, Arizona 85004
Telephone: (602) 262-5911
Fax: (602) 253-3255

Attorneys for Plaintiff The Frank Lloyd Wright Foundation



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FRANK LLOYD WRIGHT FOUNDATION, an Arizona not-for-profit corporation, <br><br> Plaintiff, <br><br> vs. <br><br> HAMPTON COURT JEWELERS LTD. d/b/a CELLINI FINE JEWELRY, a New York domestic business corporation, <br><br> Defendant. | Civil Action No. <br><br> ECF Case <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, The Frank Lloyd Wright Foundation ("Plaintiff" or "The Foundation"), by

its attorneys Pryor Cashman LLP and Jennings, Strouss & Salmon, P.L.C., as and for its

Complaint against defendant Hampton Court Jewelers Ltd. d/b/a Cellini Fine Jewelry ("Defendant" or "Cellini"), alleges as follows:

## NATURE OF THE ACTION

1.      The Foundation is a non-profit corporation that depends heavily on income generated through its licensing program.   The Foundation licenses trademarks and copyrights related to the famous Frank Lloyd Wright name in connection with a wide variety of high-quality goods based on, or adapted from, Mr. Wright's many famous architectural and decorative designs.   This case is about Cellini's wrongful use of The Foundation's registered copyrights, registered trademarks, and the famous Frank Lloyd Wright name in connection with its fine jewelry collection "inspired by," or mimicking, some of Mr. Wright's famous works without license or approval from The Foundation.

## PARTIES

2.      The Foundation is a non-profit Arizona corporation.

3.      The Foundation owns famous Frank Lloyd Wright trademarks and copyrights in architectural and decorative designs by Mr. Wright, and licenses those trademarks and copyrights to licensees, creating an important source of revenue for The Foundation's non-profit activities.

4.      The Foundation also owns all rights of publicity of Mr. Wright.

5.      On information and belief, Defendant Hampton Court Jewelers Ltd., d/b/a Cellini Fine Jewelry ("Cellini") is a New York domestic business corporation, authorized to do business and doing business in the United States, with its principal corporate offices located at 301 Park Avenue, New York, New York.

6.      On information and belief, Cellini's primary business is the operation of two retail stores engaged in the sale of fine jewelry and timepieces.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28

2

U.S.C. §§ 1331 and 1338(a) and (b) because The Foundation is alleging claims under federal copyright and trademark law, specifically the Copyright Act of 1976, 17 U.S.C. §§ 101 *et. seq.*, and the Lanham (Trademark) Act, 15 U.S.C. §§ 1051 et. seq.

8.     This Court has supplemental jurisdiction over state law claims alleged herein pursuant to 28 U.S.C. § 1367, as such claims form part of the same case and controversy as the federal claims.

9.     Alternatively, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Cellini is based in this District.

<u>FACTS</u>

11.     The Foundation is a non-profit corporation established by Mr. Wright that owns numerous famous Frank Lloyd Wright trademarks as well as copyrights in architectural and decorative designs by Mr. Wright.

12.     While Mr. Wright was still living, The Foundation set up a licensing program with various manufacturers whereby various goods based on or adapted from the works of Mr. Wright were produced pursuant to licenses from The Foundation.

13.     Cellini is a retailer of fine jewelry and timepieces, including jewelry designed by famous designers and well-known jewelry manufacturers.

14.     On information and belief, Cellini is an authorized dealer or licensee for other well-known manufacturers and designers (i.e., Ulysse Nardin, Cartier, and Piaget).

15.     On information and belief, Cellini's experience as a retailer of fine jewelry and timepieces identified with the famous marks and copyrights of their manufacturers and/or designers has made Cellini well aware of the importance and significance of famous trademarks and copyrights.

**Cellini Produced a Jewelry Collection by Wrongfully Copying the Designs of Frank Lloyd Wright in which The Foundation Owns Registered Copyrights**

16.    The Foundation is the owner of the rights in a book of drawings entitled "Frank Lloyd Wright Foundation: The Coonley Playhouse" Copyright Registration No. VA 135-504 ("Coonley Playhouse Designs"). The Foundation also owns copyrights in individual drawings contained within Coonley Playhouse Designs. A copy of the Certificate of Copyright Registration for the Coonley Playhouse Designs is attached as Exhibit 1. Copies of the cover, table of contents, and relevant designs from the Coonley Playhouse Designs are attached as Exhibit 2.

17.    The Foundation is also the owner of the rights in a book of drawings entitled "Frank Lloyd Wright Glass Designs" Copyright Registration No. VA 272-687 ("Glass Designs"). This registration extends to the compilation of drawings and the original drawings themselves for which The Foundation also owns the copyrights. A copy of the Certificate of Copyright Registration for the Glass Designs is attached as Exhibit 3. Copies of the cover, table of contents, and relevant designs from the Glass Designs are attached as Exhibit 4.

18.    On information and belief, Cellini knowingly and willfully copied designs from the Coonley Playhouse Designs and/or the Glass Designs ("Copyrighted Works") or copied from a derivative work based upon these designs to create and manufacture a new jewelry collection under the name **"Wright Stuff."**

19.    The "Wright Stuff" jewelry collection was not designed by Mr. Wright, nor was it designed by anyone affiliated with or authorized by The Foundation.

20.    The collection was not, and is not, authorized by The Foundation.

21.    In the Fall of 2006, Cellini began to market and to offer for sale the "Wright Stuff" jewelry collection.

22.    On information and belief, this jewelry collection was and is prominently

4

featured in both Cellini retail locations and on Cellini's website, www.cellinijewelers.com.

23.    On information and belief, there is no indication at either of Cellini's stores or on its website that the jewelry collection's designs were authored by anyone other than Mr. Wright.

24.    On information and belief, each piece in the "Wright Stuff" collection retails for more than $1,000.

### Cellini Used The Foundation's Marks and the Famous Frank Lloyd Wright Name to Market and Sell Jewelry

25.    FRANK LLOYD WRIGHT COLLECTION is a registered trademark of The Foundation (Registration Nos. 2,621,369 (class 35) and 2,621,370 (class 35)).

26.    FRANK LLOYD WRIGHT is a registered trademark of The Foundation (Registration Nos. 1,022,648 (class 16), 1,545,400 (classes 20, 21), 1,871,719 (class 42) and 1,901,709 (class 16)).

27.    The Foundation also owns numerous other trademarks relating to its founder, Mr. Wright, and his works.

28.    "Frank Lloyd Wright" also is Mr. Wright's full name.

29.    Upon learning of the unauthorized use of Mr. Wright's name and The Foundation's marks in Cellini's advertising of the "Wright Stuff" collection, The Foundation further investigated Cellini's business.

30.    Cellini promoted the "Wright Stuff" collection as being **"inspired by the architectural genius of Frank Lloyd Wright."**

31.    The Foundation learned that, in both retail stores, Cellini salespersons regularly, and as a matter of course, referred to the jewelry collection as the **"Frank Lloyd Wright Collection."**

32.    Cellini salespersons also affirmatively stated that the jewelry collection was "authorized," without identifying who made the authorization.

33.    No one other than The Foundation has the right to authorize or license the use of Mr. Wright's name or any of The Foundation's Frank Lloyd Wright-related trademarks in connection with any goods or services.

34.    When specifically confronted with the question of whether The Foundation authorized the collection, it is only then that Cellini salespersons admitted that The Foundation had not authorized these works.

35.    The "Wright Stuff" collection was given the most prominence of any goods in Cellini's Fall 2006 catalog, being the only goods featured on the outside cover of the catalog.  A copy of the front and back cover of Cellini's original Fall 2006 catalog is attached hereto as Exhibit 5.

36.    The Fall 2006 catalog also was made available worldwide on the Internet, on Cellini's website www.cellinijewelers.com.

37.    On information and belief, the prominent placement of the "Wright Stuff" goods on the cover of Cellini's Fall 2006 catalog and on the Internet was intended to, and did, attract consumers to Cellini under the false premise that the goods were authorized by The Foundation.

38.    On information and belief, Cellini sold pieces from the "Wright Stuff" collection to consumers during the time that the "Wright Stuff" advertisements were circulated to the public.

39.    On information and belief, Cellini saw an increase in store traffic at both of its retail locations as a result of its "Wright Stuff" advertisements.

40.    On information and belief, Cellini realized an increase in sales of other fine jewelry and/or timepieces as a result of its "Wright Stuff" advertisements.

41.    Cellini refuses to refrain from all infringing activities.

6

## COUNT I
### (COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. §§ 101 et seq.)

42.    The Foundation repeats and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 41, above.

43.    The Foundation is the sole owner of, among others, the following federally registered copyrights (the "Copyrights") which are valid and subsisting:

| Copyright | Registration Number | Effective Date |
|---|---|---|
| Frank Lloyd Wright Foundation: The Coonley Playhouse | VA 135-504 | August 12, 1983 |
| Frank Lloyd Wright Glass Designs | VA 272-687 | July 27, 1987 |

44.    On information and belief, Cellini has infringed and continues to infringe The Foundation's copyrights in the Copyrighted Works in violation of 17 U.S.C. § 501.

45.    On information and belief, Cellini knowingly and willfully copied designs from The Foundation's Copyrighted Works or copied from a derivative work based upon these designs to create and manufacture the Wright Stuff jewelry collection without The Foundation's permission.

46.    On information and belief, Cellini has marketed and sold the Wright Stuff collection without The Foundation's permission and continues to market and to sell the Wright Stuff collection in defiance of The Foundation's demand that such infringement of The Foundation's copyrights cease.

47.    On information and belief, the designs used to develop and manufacture the Wright Stuff collection are the same as or substantially similar to the Copyrighted Works. A side-by-side comparison of the designs from the Copyrighted Works and images of jewelry pieces from the Wright Stuff jewelry collection is attached as Exhibit 6.

48.    By its actions alleged above, Cellini has infringed and will continue to infringe Plaintiff's copyrights in and relating to the Copyrighted Works.

49.    Cellini's acts as alleged herein have caused, and unless enjoined will

7

continue to cause irreparable harm and injury to the Foundation for which the Foundation has no adequate remedy at law.

50.    The Foundation is entitled to an injunction restraining Cellini from engaging in any further such acts in violation of the copyright laws.

51.    The Foundation is further entitled to recover damages from Cellini in an amount to be determined at trial, including attorneys' fees, which The Foundation has sustained and will sustain, and any gains, profits and advantages obtained by Cellini as a result of Cellini's acts of infringement alleged above.   At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by The Foundation.

52.    At the Foundation's election, at any time before final judgment is rendered, The Foundation may recover, instead of such actual damages and profits, statutory damages pursuant to 15 U.S.C. §504(c).

<u>**COUNT II**</u>
**(TRADEMARK COUNTERFEITING AND TRADEMARK INFRINGEMENT PURSUANT TO 15 U.S.C. § 1114 *et seq*)**

53.    The Foundation repeats and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 52, above.

54.    The Foundation is the sole owner of, among others, the following federally registered trademarks (the "Marks"):

| Mark | Registration Number |
|---|---|
| *[Frank Lloyd Wright signature]* | 1,545,400 |
| FRANK LLOYD WRIGHT | 1,022,648 |

| Mark | Registration Number |
|------|---------------------|
| FRANK LLOYD WRIGHT COLLECTION | 2,621,369 |
| FRANK LLOYD WRIGHT COLLECTION | 2,621,370 |
| FRANK LLOYD WRIGHT | 1,871,719 |
| FRANK LLOYD WRIGHT | 1,901,709 |

[See copies of the Certificates of Registration attached hereto as Exhibits 7-12, respectively].

55.    The Foundation has continually used the Marks in interstate commerce since their first use.

56.    All of the registrations listed above are valid and subsisting.

57.    Registration Nos. 1,022,648, 1,545,400, 1,871,719, 1,901,709, 2,621,369, and 2,621,370 are incontestable, which under 15 U.S.C. §§ 1065 and 1115 constitutes conclusive evidence of The Foundation's rights to use these Marks.

58.    Registration Nos. 1,871,719, 2,621,369, and 2,621,370 specifically include in the description of goods and services the sale of jewelry items designed by Mr. Wright, adapted from designs by Mr. Wright, or inspired by designs by Mr. Wright.

59.    On information and belief, Cellini has used and/or continued to use the Marks in commerce in connection with the sale, offering for sale, and advertising of jewelry goods allegedly "inspired by" designs by Mr. Wright without The Foundation's permission, and in defiance of The Foundation's demand that such unauthorized use cease.

60.    By their unauthorized use of The Foundation's Marks, Cellini is trading on The Foundation's Marks and is misappropriating the goodwill and reputation which has attached to these trademarks.

61.    Cellini's unauthorized use of the Marks constitutes the use of counterfeits of

9

federally registered trademarks and will confuse and deceive customers into believing that Cellini and its inferior "Wright Stuff" jewelry collection are associated with and/or authorized by The Foundation.

62.    The actions complained of herein are likely to cause confusion, or to cause mistake, or to deceive others into erroneously believing that the "Wright Stuff" jewelry collection is authorized by, licensed by, sponsored by, endorsed by or otherwise associated with The Foundation.

63.    By reason of the foregoing, The Foundation is being damaged by Cellini's willful, unauthorized use of the Marks and will continue to be damaged unless Cellini is enjoined from using the Marks or any colorable imitations thereof.

64.    The Foundation will be irreparably injured by the continued acts of Cellini, unless such acts are immediately enjoined.

65.    Cellini's conduct entitles The Foundation to injunctive relief pursuant to 15 U.S.C. § 1116(a) preventing further confusing use of the Marks by Cellini and requiring Cellini to cause those who use the Marks on Cellini's behalf to cease such use.    The Foundation has no adequate remedy at law.

66.    Cellini's conduct also entitles The Foundation to damages pursuant to 15 U.S.C. § 1114.

67.    The Foundation is entitled to recover Cellini's profits, three times the amount of any actual damages suffered, attorneys' fees and costs of the action pursuant to 15 U.S.C. § 1117(a).

68.    Because the aforementioned registrations provide constructive notice of use of the Marks, Cellini's use of same cannot be innocent as a matter of law.

69.    This case therefore is extraordinary, entitling The Foundation to additional relief under the Lanham Act, including but not limited to treble damages pursuant to 15 U.S.C. § 1117(a).

70.    Because Cellini's willful actions involve the unauthorized use of a counterfeit mark, The Foundation is also entitled to treble profits and damages, and attorneys' fees, pursuant to 15 U.S.C. § 1117(b).

71.    Further, at The Foundation's election, at any time before final judgment is rendered by this Court, The Foundation may elect to recover, instead of actual damages and profits under 15 U.S.C. § 1117(a), an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(2).

## COUNT III
### (TRADEMARK DILUTION PURSUANT TO 15 U.S.C. § 1125(c))

72.    The Foundation repeats and incorporates by this reference each and every allegation set forth in Paragraphs 1 though 71, above.

73.    The Foundation's Marks are famous marks within the meaning of 15 U.S.C. § 1125(c) and have been famous marks prior to Cellini's conduct complained of herein.

74.    The Foundation's Marks are famous marks by virtue of their substantial inherent and acquired distinctiveness, their association with the famous Frank Lloyd Wright name and Mr. Wright's many famous works, The Foundation's extensive use, advertising and publicity of the Marks, all of which has resulted in strong and widespread recognition of the Marks by the general consuming public, and by virtue of the registration of the Marks on the Principal Trademark Register of the United States Patent and Trademark Office.

75.    Cellini's use of the Marks on and in connection with the advertising and/or sale of the "Wright Stuff" jewelry collection dilutes the strength and distinctive quality of the Marks and lessens the capacity of the Marks to identify and distinguish the products with respect to which The Foundation licenses its Marks.

76.    On information and belief, the Marks were actually diluted as a result of Cellini's wrongful conduct.

77.    On information and belief, Cellini willfully intended to trade on the

recognition of the famous mark.

78.    By reason of the foregoing, The Foundation is being damaged by Cellini's willful use of the Marks in the manner set forth above and will continue to be damaged unless Cellini is immediately enjoined from using the Marks.

79.    The Foundation will be irreparably injured by the continued acts of Cellini, unless such acts are enjoined. The Foundation has no adequate remedy at law.

80.    On information and belief, Cellini's use of the Marks did not begin until after October 6, 2006.

81.    Pursuant to 15 U.S.C. §§ 1116 and 1125(c)(1), The Foundation is entitled to a permanent injunction preventing Cellini from using any of the Marks in commerce.

82.    In addition to injunctive relief, because Cellini's actions were willful, The Foundation is also entitled to all damages it has sustained in an amount to be determined at trial including, but not limited to Cellini's profits and gains, attorneys' fees and costs of this action pursuant to 15 U.S.C. § 1117(a), as well as destruction of the infringing goods under 15 U.S.C. § 1118.

## COUNT IV
### (UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND FALSE ENDORSEMENT PURSUANT TO 15 U.S.C. § 1125(a))

83.    The Foundation repeats and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 82, above.

84.    Cellini's acts constitute the unauthorized reproduction of and misuse of the Marks in commerce in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

85.    Cellini's acts further constitute the unauthorized misuse of Mr. Wright's name in commerce in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

86.    Cellini's acts as alleged herein have caused and are likely to cause confusion, mistake or deception on the part of the public as to Cellini's affiliation, connection or

association with The Foundation and to cause confusion, mistake or deception on the part of the public as to the true origin, sponsorship or approval of the "Wright Stuff" jewelry collection.

87.     On information and belief, Cellini has undertaken these acts willfully, and with the intent to cause confusion, mistake or deception on the part of the public and to harm to The Foundation.

88.     Cellini's acts as alleged herein constitute unfair competition, false designation of origin, false advertising, and false endorsement in violation of 15 U.S.C. § 1125(a).

89.     Cellini's acts as alleged herein have caused, and unless enjoined will continue to cause, irreparable harm and injury to The Foundation.  The Foundation has no adequate remedy at law.

90.     The Foundation is entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116(a) prohibiting Cellini from using any of The Foundation's Marks, or Mr. Wright's name or likeness, in commerce.

91.     In addition to injunctive relief, The Foundation is entitled to treble damages and profits, costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT V
### (COMMON LAW UNFAIR COMPETITION-THE COPYRIGHTED WORKS)

92.     The Foundation repeats and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 91, above.

93.     The Copyrighted Works which Cellini has taken and utilized in its products to create the "Wright Stuff" jewelry collection are the product of Mr. Wright's skill, labor, expertise, talent and expenditures.

94.     Cellini's actions as alleged herein are calculated to, are likely to and, upon

information and belief, actually have, deceived and misled purchasers into believing that the "Wright Stuff" jewelry collection originates with or is authorized by The Foundation.

95.    By such actions, Cellini, with full knowledge of the notoriety and popularity of The Foundation's Copyrighted Works, intended to pass off its own products as those legitimately authorized by The Foundation and have traded on the goodwill associated with the Copyrighted Works in order to arrogate to themselves the economic benefit of the goodwill associated with such works.

96.    Cellini's acts as alleged above constitute unfair competition under the common law of the State of New York and will, unless enjoined by this Court, result in the destruction and/or diversion of The Foundation's goodwill and in the unjust enrichment of Cellini.

97.    Upon information and belief, Cellini has committed the acts alleged herein willfully, intentionally, fraudulently, wantonly and maliciously, with the express intent to injure The Foundation in its business.

98.    Upon information and belief, Cellini has obtained gains, profits and advantages as a result of its acts of unfair competition as herein above alleged.

99.    The Foundation has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid acts of Cellini, and is without an adequate remedy at law.

100.    The Foundation has suffered damages as a result of Cellini's aforesaid acts in an amount to be determined at trial, plus punitive damages.

## COUNT VI
### (COMMON LAW UNFAIR COMPETITION-THE MARKS)

101.    The Foundation repeats and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 100, above.

102.    The Foundation owns and enjoys common law trademark rights in the Marks set forth herein, in New York and throughout the United States. The Foundation's rights in

the Marks are superior to any rights that Cellini may claim in and to the Marks for any purpose, and especially in connection with jewelry.

103.    Cellini's unlawful acts in appropriating rights in The Foundation's common law Marks were intended to capitalize on The Foundation's goodwill for Cellini's own pecuniary gain.  The Foundation has expended substantial time, resources and effort to obtain an excellent reputation for itself, the products it licenses its Marks in connection therewith and its Marks.  As a result of The Foundation's efforts, Cellini is now unjustly enriched and is benefiting from property rights that rightfully belong to The Foundation.

104.    Cellini's unauthorized use of The Foundation's Marks on and in connection with the sale, offering for sale, and advertising of the "Wright Stuff" jewelry collection has caused and is likely to cause confusion as to the source of such products, all to the detriment of The Foundation.

105.    Cellini's acts are willful, deliberate, and intended to confuse the public and to injure The Foundation.

106.    Cellini's acts constitute unfair competition under New York common law.

107.    The Foundation has been irreparably harmed and will continue to be irreparably harmed as a result of Cellini's unlawful acts unless Cellini is permanently enjoined from its unlawful conduct.  The Foundation has no adequate remedy at law.

108.    In view of the foregoing, The Foundation is entitled to preliminary and permanent injunctive relief prohibiting Cellini from using its Marks.

109.    In addition to injunctive relief, The Foundation is entitled to recover all damages, including attorneys' fees, that The Foundation has sustained and will sustain, and all gains, profits and advantages obtained by Cellini as a result of its violations alleged above in an amount to be determined at trial and the costs of this action, as well as punitive damages as a result of Cellini's intentional, willful, wanton and malicious conduct.

## COUNT VII
### (VIOLATION OF NEW YORK'S ANTI-DILUTION STATUTE
### NEW YORK GENERAL BUSINESS LAW §360-l)

110.    The Foundation repeats and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 109, above.

111.    The Foundation's Marks are distinctive marks in the State of New York by virtue of their substantial inherent and acquired distinctiveness, extensive use in the State of New York and the extensive advertising and widespread publicity of the Marks in the State of New York.

112.    As a result of the foregoing, the Marks have become strong and are famous.

113.    The Foundation's Marks, which Cellini copied, have become distinctive symbols of goodwill that have been engendered in The Foundation's products and represent significant and valuable proprietary assets to The Foundation.

114.    Cellini's unauthorized use of The Foundation's valuable trademarks will dilute, tarnish and blur those marks.

115.    The actions of Cellini complained of herein have already injured and are likely to continue to injure the business reputation and dilute the distinctive quality of The Foundation's famous Marks.

116.    The foregoing acts of Cellini constitute dilution in violation of Section 360-(l) of the New York General Business Law.

117.    By reason of the foregoing, The Foundation has been and is being damaged by Cellini's unauthorized and illegal use of the Marks in the manner set forth above and will continue to be damaged unless Cellini is immediately enjoined under Section 360-(l) of the New York General Business Law from using the Marks.

118.    The Foundation will be irreparably injured by the continued acts of Cellini, unless such acts are enjoined.

119.    The Foundation has no adequate remedy at law.

## COUNT VIII
### (UNLAWFUL DECEPTIVE ACTS AND PRACTICES
### NEW YORK GENERAL BUSINESS LAW §349)

120.    The Foundation repeats and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 119, above.

121.    Cellini, without The Foundations' authorization or consent, and having knowledge of The Foundation's well-known and prior rights in and to the Marks and the fact that Cellini's "Wright Stuff" jewelry collection is confusingly similar to the products that The Foundation licenses its Marks for use in connection with, and for which it is famous, has manufactured, advertised, distributed, offered for sale and/or sold the "Wright Stuff" jewelry collection to the consuming public in direct competition with The Foundation.

122.    Cellini's use of the Marks is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Cellini's "Wright Stuff" collection, and is likely to deceive the public into believing such products being sold by Cellini originate from, are associated with, or are otherwise authorized by The Foundation.

123.    Cellini's deceptive acts and practices involve public sales activities of a recurring nature.

124.    The Foundation has no adequate remedy at law, and if Cellini's activities are not enjoined, The Foundation will continue to suffer irreparable harm and injury to its goodwill and reputation.

125.    In addition to injunctive relief, The Foundation is entitled to all damages it has sustained in an amount to be determined at trial but not less than Cellini's profits and gains and the Foundation's attorneys' fees and costs of this action.

## COUNT IX
### (VIOLATION OF RIGHT OF PUBLICITY)

126.    The Foundation repeats and incorporates by this reference each and every

allegation set forth in Paragraphs 1 through 125, above.

127.    The Foundation is the owner of all rights of publicity for Mr. Wright.

128.    Mr. Wright exercised his rights of publicity for commercial purposes during his lifetime.

129.    The name Frank Lloyd Wright has been and continues to be reasonably identifiable to the public.

130.    By using Mr. Wright's name in connection with its "Wright Stuff" jewelry pieces without the consent of The Foundation, Cellini wrongfully appropriated Mr. Wright's name to its own commercial advantage.

131.    Cellini capitalized on and commercialized Mr. Wright's name to advertise, sell, and/or draw the public's attention to the "Wright Stuff" collection.

132.    The Foundation did not consent to Cellini's use of Mr. Wright's name.

133.    Cellini's wrongful use of Mr. Wright's name without permission or license damaged The Foundation in an amount to be determined at trial, including but not limited to a disgorgement of all profits Cellini earned as a result of its wrongful conduct.

134.    Cellini's acts as alleged herein have caused, and if not enjoined will continue to cause, irreparable harm and injury to The Foundation.

135.    The Foundation is entitled to permanent injunctive relief prohibiting Cellini from using Mr. Wright's name or likeness in commerce, plus damages in an amount to be determined by this Court.

WHEREFORE, The Foundation demands judgment against Cellini on all of the Counts as follows:

(a)    for a permanent injunction prohibiting Cellini from (1) manufacturing, making or producing, or having manufactured, made or produced, unauthorized reproductions of The Foundation's Copyrighted Works, (2) creating or having created

unauthorized derivative works based upon The Foundation's Copyrighted Works, and (3) distributing, selling or displaying, or having distributed, sold or displayed, any unauthorized reproductions or derivative works of The Foundation's Copyrighted Works; and (4) using The Foundation's Marks, Mr. Wright's name or likeness, or any other confusingly similar mark or name, in connection with any unauthorized reproduction or derivative of The Foundation's Copyrighted Works, or in any other unauthorized manner, without The Foundation's consent;

(b)　　for an injunction ordering Cellini to deliver up to The Foundation for destruction any unauthorized reproductions of The Foundation's Copyrighted Works and any unauthorized derivative works based upon The Foundation's Copyrighted Works, as well as any masks, molds, or other tooling used to manufacture, make or produce any unauthorized reproductions or derivative works of The Foundation's Copyrighted Works;

(c)　　for an injunction ordering Cellini to remove, relinquish and destroy all advertisements or promotional materials, including the removal of any and all Internet websites, that, without The Foundation's consent, bear The Foundation's Marks or advertise any unauthorized reproductions or derivative works of The Foundation's Copyrighted Works;

(d)　　for an injunction ordering Cellini to deliver up to The Foundation for destruction, all catalogs, labels, signs, pictures, letterhead, invoices, brochures, fliers, advertisements, packages, photographs, negatives, products or other materials in the possession or control of Cellini that bear, without The Foundation's consent, The Foundations Mark's or any unauthorized reproduction, photograph, replica, derivative work or copy of The Foundation's Copryighted Works;

(e)　　for an injunction ordering Cellini to provide The Foundation with a complete and accurate accounting of all sales, purchases, revenues and profits relating to Cellini's acts of (1) manufacturing, making or producing, or having manufactured, made or produced,

19

unauthorized reproductions of The Foundation's Copryighted Works, (2) creating or having created unauthorized derivative works based upon The Foundation's Copryighted Works, and (3) distributing, selling or displaying, or having distributed or otherwise sold or displayed, any unauthorized reproductions or derivative works of The Foundation's Copryighted Works; (4) using The Foundation's Marks, Mr. Wright's name or likeness, or any other confusingly similar mark or name, in connection with any unauthorized reproduction or derivative of The Foundation's Copyrighted Works, or in any other unauthorized manner, without the Foundation's consent; and (5) manufacturing, making, producing, displaying, advertising, distributing, or selling any other goods along side, in connection with, or at the same time as any unauthorized reproductions or derivative works of The Foundation's Copyrighted Works;

(f)      for actual damages and Cellini's profits attributable to the copyright infringement in an amount to be proven at trial, but in any event in excess of $75,000, or at The Foundation's option, statutory damages in the amount of up to $150,000 per work infringed;

(g)      for actual damages and Cellini's profits attributable to the trademark infringement in an amount to be proven at trial, but in any event in excess of $75,000, and that such damages be trebled pursuant to 15 U.S.C. § 1117(a) or 15 U.S.C. § 1117(b), as appropriate, or at the Foundation's election, statutory damages in the amount of up to $1,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2);

(h)      for monetary damages suffered as a result of Cellini's unauthorized use of Mr. Wright's name and the Foundation's Marks in connection with Cellini's goods in an amount to be determined at trial, but in any event in excess of $75,000;

(i)      for costs of this action and reasonable attorney's fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117(a), and other applicable law;

(j)     for interest on such monetary damages from the date of judgment until paid, costs and attorneys' fees;

(k)     for punitive damages; and

(l)     for such other and further relief as the Court may deem just and reasonable under the circumstances.

Dated: New York, New York
       January 16, 2008

PRYOR CASHMAN LLP

By: _____
       Michael G. Goldberg (MG-2435)
       Anika Lewis (AL-2005)
       410 Park Avenue
       New York, New York 10022
       Telephone: (212) 421-4100
       Fax: (212) 326-0806
       Email: mgoldberg@pryorcashman.com

                    and

       Glenn S. Bacal
       Frederick M. Cummings
       David M. Andersen
       JENNINGS, STROUSS & SALMON, P.L.C.
       A Professional Limited Liability Company
       The Collier Center, 11th Floor
       201 East Washington Street
       Phoenix, Arizona 85004
       Telephone: (602) 262-5911
       Fax: (602) 253-3255

       Attorneys for Plaintiff The Frank Lloyd Wright
       Foundation

## JURY DEMAND

Plaintiff, by its attorneys Pryor Cashman LLP and Jennings, Strouss & Salmon,

P.L.C., hereby demands trial by jury of all claims so triable pursuant to Fed. R. Civ. P. 38.

Dated: New York, New York
January 16, 2008

PRYOR CASHMAN LLP

By: _____
  Michael G. Goldberg (MG-2135)
  Anika Lewis (AL-2005)
  410 Park Avenue
  New York, New York 10022
  Telephone: (212) 421-4100
  Fax: (212) 326-0806
  Email: mgoldberg@pryorcashman.com

and

Glenn S. Bacal
Frederick M. Cummings
David M. Andersen
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
The Collier Center, 11th Floor
201 East Washington Street
Phoenix, Arizona 85004
Telephone: (602) 262-5911
Fax: (602) 253-3255

Attorneys for Plaintiff The Frank Lloyd Wright
Foundation

Exhibit 1

10/02/2007  16:13    480-4518989         S LUCAS                          PAGE  03

# CERTIFICATE OF COPYRIGHT REGISTRATION



This certificate, issued under the seal of the Copyright Office in accordance with the provisions of section 410(a) of title 17, United States Code, attests that copyright registration has been made for the work identified below. The information in this certificate has been made a part of the Copyright Office records.

*Dhie Ladd*

REGISTER OF COPYRIGHTS
United States of America

## FORM VA
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

VA      135-504
(VA)                  VAU

EFFECTIVE DATE OF REGISTRATION

12 AUG 1983
Month      Day      Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED ADDITIONAL SPACE, USE CONTINUATION SHEET (FORM VA/CON)

**(1) Title**

TITLE OF THIS WORK:
Frank Lloyd Wright Foundation:  The Coonley Playhouse

NATURE OF THIS WORK: (See instructions)
Book of Drawings

Previous or Alternative Titles:

PUBLICATION AS A CONTRIBUTION: (If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.)
Title of Collective Work: N/A                Vol... No.... Date.... Pages....

**(2) Author(s)**

IMPORTANT: Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). If any part of this work was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates blank.

1
NAME OF AUTHOR:
Frank Lloyd Wright Foundation

Was this author's contribution to the work a "work made for hire"?  Yes... No....

DATES OF BIRTH AND DEATH:
Born.... (Year)    Died.... (Year)

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ... (Name of Country)   or { Domiciled in ... United States (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous?   Yes...... No...X..
Pseudonymous?  Yes...... No...X..
If the answer to either of these questions is "Yes," see detailed instructions attached.

AUTHOR OF: (Briefly describe nature of this author's contribution)
The selection and ordering of drawings by.

2
NAME OF AUTHOR:
Frank Lloyd Wright

Was this author's contribution to the work a "work made for hire"?  Yes... No....

DATES OF BIRTH AND DEATH:
Born.... Died....

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ... (Name of Country)   or { Domiciled in ... (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous?   Yes...... No......
Pseudonymous?  Yes...... No......
If the answer to either of these questions is "Yes," see detailed instructions attached.

AUTHOR OF: (Briefly describe nature of this author's contribution)

3
NAME OF AUTHOR:

Was this author's contribution to the work a "work made for hire"?  Yes... No....

DATES OF BIRTH AND DEATH:
Born.... Died....

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ... (Name of Country)   or { Domiciled in ... (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous?   Yes...... No......
Pseudonymous?  Yes...... No......
If the answer to either of these questions is "Yes," see detailed instructions attached.

AUTHOR OF: (Briefly describe nature of this author's contribution)

**(3) Creation and Publication**

YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED:
Year. 1983
(This information must be given in all cases.)

DATE AND NATION OF FIRST PUBLICATION:
Date.... June 1, 1983
(Month) (Day) (Year)
Nation.... United States
(Complete this block ONLY if this work has been published.)

**(4) Claimant(s)**

NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S):
The Frank Lloyd Wright Foundation
P. O. Box 4430
Scottsdale, Arizona  85258

(Please note that the Foundation by will obtained ownership of the copyright for the drawings in this work).

TRANSFER: (If the copyright claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.)

| *Added by C.O. authority telephone call w/Glen Bacal on Sep. 1, 1983.  VA    135-504 | EXAMINED BY: A.C.  CHECKED BY: Lam  CORRESPONDENCE: ☐ Yes  DEPOSIT ACCOUNT FUNDS USED: ☐ | APPLICATION RECEIVED: 12 AUG 1983  DEPOSIT RECEIVED: 12 AUG 1983    12 AUG 1983  REMITTANCE NUMBER AND DATE: 295741 AUG 12 83 | FOR COPYRIGHT OFFICE USE ONLY |
|---|---|---|---|

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED ADDITIONAL SPACE, USE CONTINUATION SHEET (FORM VA/CON)**

---

**PREVIOUS REGISTRATION:**

• Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office? Yes........ No...X....

• If your answer is "Yes," why is another registration being sought? (Check appropriate box)
☐ This is the first published edition of a work previously registered in unpublished form.
☐ This is the first application submitted by this author as copyright claimant.
☐ This is a changed version of the work, as shown by line 6 of the application.

• If your answer is "Yes," give: Previous Registration Number...................... Year of Registration..................

**5**
Previous Registration

---

**COMPILATION OR DERIVATIVE WORK:** (See instructions)

PREEXISTING MATERIAL: (Identify any preexisting work or works that this work is based on or incorporates.)
Compilation of drawings of Frank Lloyd Wright some of which have been previously copyrighted

MATERIAL ADDED TO THIS WORK: (Give a brief, general statement of the material that has been added to this work and in which copyright is claimed.)

**6**
Compilation or Derivative Work

---

**DEPOSIT ACCOUNT:** (If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.)

Name:  N/A

Account Number:

**CORRESPONDENCE:** (Give name and address to which correspondence about this application should be sent.)

Name:  Glenn S. Bacal, Esq.
C/o Lewis and Roca
Address: 100 West Washington, Suite 2300
Phoenix, Arizona  85003  (Apt)
(City)                    (State)              (ZIP)

**7**
Fee and Correspondence

---

**CERTIFICATION:** # I, the undersigned, hereby certify that I am the: (Check one)
☐ author ☐ other copyright claimant ☐ owner of exclusive right(s) ☐ authorized agent of...The Frank Lloyd Wright Foundation
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Handwritten signature: (X) _Glenn S. Bacal_

Typed or printed name: Glenn S. Bacal ...................... Date: 8/9/83.......

**8**
Certification (Application must be signed)

---

Glenn S. Bacal, Esq.
C/o Lewis and Roca
100 West Washington, Suite 2300
(Number, Street and Apartment Number)
Phoenix, Arizona  85003
(City)              (State)      (ZIP code)

**MAIL CERTIFICATE TO**

(Certificate will be mailed in window envelope)

**9**
Address For Return of Certificate

• 17 U.S.C. § 506(e): FALSE REPRESENTATION — Any person who knowingly makes a false representation...

Exhibit 2

# F R A N K   L L O Y D   W R I G H T   D R A W I N G S:

# T H E   C O O N L E Y   P L A Y H O U S E

Compiled by The Frank Lloyd Wright Memorial Foundation

Copyright (c) The Frank Lloyd Wright Foundation 1983

FRANK LLOYD WRIGHT DRAWINGS

THE COONLEY PLAYHOUSE    PR# 1201

| Pl# | 4x5# | drg# | Drawing | (c)date |
|------|-------|---------|----------------------------------|-----------|
| 1. | 268 | 1201.01 | 3 Playhouse windows | 1962 |
| 2. | 6921 | 1201.02 | 3 Playhouse windows concept design | 1983 |
| 3. | 6922 | 1201.03 | 3 Playhouse windows concept design | 1955 |
| 4. | 6923 | 1201.04 | Presentation view | WEN |
| 5. | 6924 | 1201.05 | developed drawing for glass | 1977 |
| 6. | 6925 | 1201.06 | developed drawing for glass | 1977 |
| 7. | 6926 | 1201.07 | conceptual plan | 1983 |
| 8. | 6927 | 1201.08 | development elevation | 1983 |
| 9. | 6928 | 1201.09 | WD(working drawing)plan | 1983 |
| 10. | 6929 | 1201.10 | WD elevation | 1983 |
| 11. | 6930 | 1201.11 | WD elevations | 1983 |
| 12. | 6931 | 1201.12 | WD steel schedule | 1983 |
| 13. | 6932 | 1201.13 | WD#1 plan, footings | 1983 |
| 14. | 6933 | 1201.14 | WD#2 ground floor plan | 1983 |
| 15. | 6934 | 1201.15 | WD#3 roof plan | 1983 |
| 16. | 6935 | 1201.16 | WD#4 elevations | 1983 |
| 17. | 6936 | 1201.17 | WD#5 elevations | 1983 |
| 18. | 6938 | 1201.18 | WD#6 sections | 1983 |
| 19. | 6937 | 1201.19 | WD#7 details | 1983 |
| 20. | 6939 | 1201.20 | WD#8 details | 1983 |
| 21. | 6940 | 1201.21 | WD#9 fireplace and chimney | 1983 |
| 22. | 6941 | 1201.22 | WD#10 details | 1983 |
| 23. | 14077 | 1201.— | publication Plan | 1942,1970 |



Plate #1.  Copyright (c) The Frank Lloyd Wright Foundation 1962

The Frank Lloyd Wright Foundation 1983

2



Plate #6. Copyright (c) The Frank Lloyd Wright Foundation 1977

Exhibit 3

10/02/2007  16:13    480-4518989            S LUCAS                    PAGE  02

# CERTIFICATE OF COPYRIGHT REGISTRATION

**FORM VA**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

VA ~ 272 687

VA                                          VAU

EFFECTIVE DATE OF REGISTRATION

JUL 27 1987

Month        Day        Year

This certificate, issued under the seal of the Copyright Office in accordance with the provisions of section 410(a) of title 17, United States Code, attests that copyright registration has been made for the work identified below. The information in this certificate has been made a part of the Copyright Office records.

REGISTER OF COPYRIGHTS

OFFICIAL SEAL    DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

## 1

**TITLE OF THIS WORK ▼**

FRANK LLOYD WRIGHT GLASS DESIGNS

**NATURE OF THIS WORK ▼** See instructions

Book of Drawings

**PREVIOUS OR ALTERNATIVE TITLES ▼**

N/A

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

N/A

If published in a periodical or serial give **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

## 2

**NAME OF AUTHOR ▼**

a    The Frank Lloyd Wright Foundation

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

N/A

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
{ Domiciled in ▶ USA

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☒ No
Pseudonymous?    ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally...

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

Original drawings and compilation of original drawings

b    **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?    ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?    ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

## 3

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.

1987◀ Year

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ Jun.    Day ▶ 15    Year ▶ 1987
◀ Nation    USA

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2.▼

The Frank Lloyd Wright Foundation
P. O. Box 4430
Scottsdale, Arizona 85261

APPLICATION RECEIVED
JUL 27 1987

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
JUL 27 1987

REMITTANCE NUMBER AND DATE

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.▼

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of ___ 2 ___ pages

10/02/2007  16:13    480-4518989                    S LUCAS                           PAGE  09

*Added by CO, authority Glen S. Bacal, Esq., telephone          EXAMINED BY    *qw*        FORM VA
    31Aug87.                                                      CHECKED BY

VA  272 687                                    □ CORRESPONDENCE                    FOR
                                               □ Yes                             COPYRIGHT
                                               □ DEPOSIT ACCOUNT                   OFFICE
                                               □ FUNDS USED                        USE
                                                                                   ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

---

**PREVIOUS REGISTRATION**  Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

□ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box)

□ This is the first published edition of a work previously registered in unpublished form.

□ This is the first application submitted by this author as copyright claimant.

□ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼        Year of Registration ▼

**5**

---

**DERIVATIVE WORK OR COMPILATION**  Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.

a.  Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

b.  Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

The author has originally compiled original drawings. Most of these drawings
have never been previously published and are original with the author; the
copyright claim extends to them as well as to the compilation.

**6**

See instructions
before completing
this space.

---

**DEPOSIT ACCOUNT**  If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                                                  Account Number ▼

**7**

---

**CORRESPONDENCE**  Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/Zip ▼

Glenn S. Bacal, Esq.
Lewis and Roca
100 W. Washington, Suite 1300
Phoenix, Arizona

Area Code & Telephone Number ▶   (602) 262-5783

Be sure to
give your
daytime phone
◀ number

---

**CERTIFICATION***  I, the undersigned, hereby certify that I am the

Check only one ▼

□ author

□ other copyright claimant

□ owner of exclusive right(s)

☒ authorized agent of  The Frank Lloyd Wright Foundation
                        Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this is a published work, this date must be the same as or later than the date of publication given in space 3.

Glenn S. Bacal

Handwritten signature (X) ▼                                    date ▶  7/22/87

**8**

---

**MAIL
CERTIFI-
CATE TO**

Name ▼
Glenn S. Bacal, Esq., Lewis and Roca
Number/Street/Apartment Number ▼
100 West Washington, Suite 1300
City/State/Zip ▼
Phoenix, Arizona 85003

Certificate
will be
mailed in
window
envelope

• Have you:
• Completed all necessary
  spaces?
• Signed your application in space
  8?
• Enclosed check or money order
  for $10 payable to Register of
  Copyrights?
• Enclosed your deposit material
  with the application and fee?
MAIL TO: Register of Copyrights,
Library of Congress, Washington,
D.C. 20559.

**9**

---

* 17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in
connection with the application, shall be fined not more than $2,500.

☆U.S. GOVERNMENT PRINTING OFFICE: 1987: 757—891/40,018

February 1987—108,000

Exhibit 4

# FRANK LLOYD WRIGHT GLASS DESIGNS

Compiled by the Frank Lloyd Wright Memorial Foundation

Copyright © The Frank Lloyd Wright Foundation 1987

page 5

| WORK | DRAWING # | FILM # | DESCRIPTION | PLATE # |
|------|-----------|--------|-------------|---------|
| Gale, Mrs. Thomas | 0905.007 Memcat86a,GL87 | 8905 | Glass design | 80. |
| Gale, Mrs. Thomas | 0905.008 Memcat86a,GL87 | 8906 | Glass design | 81. |
| Gale, Mrs. Thomas | 0905.009 Memcat86a,GL87 | 8907 | Glass design | 82. |
| Robie, Frederick C. | 0908.004 DLA59,SCH85,GL87 | 5698 | Glass design MOMA289 | 83. |
| Robie, Frederick C. | 0908.009 GL87 | 5703 | Glass design | 84. |
| Robie, Frederick C. | 0908.010 GL87 | 5704 | Glass designs, 3 | 85. |
| Steffens, Oscar | 0909.009 GL87 | 7386 | Glass designs | 86. |
| Steffens, Oscar | 0909.010 GL87 | 7387 | Glass designs | 87. |
| Screen(MOMA #288) | 0912.001 MOMA62,GL87 | 272 | Screen design | 88. |
| Ziegler, Rev. L.R. | 1007.012 GL87 | 9476 | Design for glass | 89. |
| Ziegler, Rev. L.R. | 1007.013 GL87 | 9477 | Framing for glass | 90. |
| Coonley stable group | 1103.009 GL87 | 6887 | Glass design | 91. |
| Coonley stable group | 1103.011 GL87 | 6889 | Glass design | 92. |
| Coonley stable group | 1103.012 GL87 | 6890 | Glass design | 93. |
| Coonley Playhouse | 1201.001 MOMA62,Mono3-87,GL87 | 21105 | Glass design (3) | 94. |
| Coonley Playhouse | 1201.002 SCH85,Memcat83a,GL87 | 6921 | Glass designs, 3 small | 95. |
| Coonley Playhouse Wind. | 1201.003 DLA59,Memcat83a,AA55,GL87 | 21104 | Glass designs, 3 | 96. |
| Coonley Playhouse | 1201.005 DA77,SCH85,Memcat83a,GL87 | 6924 | Glass design | 97. |
| Coonley Playhouse | 1201.006 DA77,Memcat83a,GL87 | 6925 | Glass design | 98. |
| Lake Geneva Inn | 1202.002 Memcat81g,SCH85,GL87 | 4459 | Window design | 99. |



Copyright © The Frank Lloyd Wright Foundation 1965





Copyright © The Frank Lloyd Wright Foundation 1977.

1201.005

97.



Copyright © The Frank Lloyd Wright Foundation 1977

Exhibit 5



# cellini

www.CelliniJewelers.com




**WRIGHT STUFF** Art Deco jewelry collection inspired by the architectural genius of Frank Lloyd Wright. Vibrant enamel is accented with diamonds in 18-karat yellow gold. Exclusively at Cellini. Bracelets from top: $16,000, $14,200, $21,500, $43,800. Ring, $9,500. Earrings, $7,100.

Exhibit 6



Frank Lloyd Wright Coonley Playhouse Windows

#1    #2    #3

Cellini Bracelets



Cellini bracelet #4



Frank Lloyd Wright
Coonley Playhouse window #3





Bottom ride side of bracelet (enlarged)

Left side of window (enlarged)

**Comparison #1**




## Comparison #2

 

Frank Lloyd Wright
Coonley Playhouse window #3



 

Right side of window (enlarged)

Left side of bracelet
(enlarged and flipped)

Left side of bracelet
(enlarged)



Cellini bracelet #4

## Comparison #3






Bottom right side of bracelet (enlarged)



Left side of window (enlarged)

Frank Lloyd Wright
Coonley Playhouse window #1



Cellini bracelet #4

Cellini bracelet #4





Right side of window (enlarged)





Right side of bracelet
(flipped and enlarged)



Right side of bracelet
(enlarged)

Frank Lloyd Wright
Coonley Playhouse window #1

**Comparison #4**




## Comparison #5





Top of window
(enlarged and flipped)



Frank Lloyd Wright
Coonley Playhouse window #2

Bracelet (enlarged and flipped)





Top of window (enlarged)



Cellini bracelet #3

Cellini bracelet #4



Frank Lloyd Wright
Coonley Playhouse window #2



Left side of bracelet
(enlarged)



Left side of bracelet
(enlarged and flipped)



Top of window (enlarged)



**Comparison #6**





Exhibit 7

**Int. Cls.: 20 and 21**

**Prior U.S. Cls.: 2, 32 and 33**

**Reg. No. 1,545,400**

## United States Patent and Trademark Office
**Registered June 27, 1989**

### TRADEMARK
#### PRINCIPAL REGISTER



FRANK LLOYD WRIGHT FOUNDATION, THE
  (ARIZONA CORPORATION)
TALIESIN WEST
SCOTTSDALE, AZ 85261

  FOR: FURNITURE, NAMELY TABLES AND CHAIRS, IN CLASS 20 (U.S. CL. 32).

  FIRST USE 11-0-1955; IN COMMERCE 10-0-1986.

  FOR: DECORATIVE CRYSTAL, NAMELY CANDLESTICKS, IN CLASS 21 (U.S. CLS. 2 AND 33).

  FIRST USE 4-0-1986; IN COMMERCE 4-0-1986.

  OWNER OF U.S. REG. NOS. 1,022,252 AND 1,022,648.

  SER. NO. 718,047, FILED 3-21-1988.

CANDICE ABATE, EXAMINING ATTORNEY

Exhibit 8

Int. Cl.: 16

Prior U.S. Cl.: 38

# United States Patent Office

Reg. No. 1,022,648
Registered Oct. 14, 1975

## TRADEMARK
### Principal Register



The Frank Lloyd Wright Foundation (Arizona corporation)
P.O. Box 100
Scottsdale, Ariz.  85252

For: BOOKS, PAMPHLETS AND CATALOGS DEALING WITH THE WORK OF FRANK LLOYD WRIGHT, in CLASS 16 (U.S. CL. 38).

First use on or about Nov. 12, 1953; in commerce on or about Nov. 12, 1953.

The name "Frank Lloyd Wright" is that of a deceased person.

Ser. No. 18,866, filed Apr. 15, 1974.

J. H. WEBB, Examiner

Exhibit 9

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 2,621,369
Registered Sep. 17, 2002

### SERVICE MARK
### PRINCIPAL REGISTER



FRANK LLOYD WRIGHT FOUNDATION, THE (ARIZONA NON-PROFIT CORPORATION)
P.O. BOX 4430
SCOTTSDALE, AZ 85261

FOR: COMPUTERIZED ON-LINE RETAIL SERVICES IN THE FIELD OF FURNITURE, CLOTHING, HOME FURNISHINGS, OBJECTS OF INTERIOR DESIGN, JEWELRY, RUGS, ORNAMENTS, BOOKS, LUMINARIES, VASES, COASTERS, METAL AND WOOD ART GLASS PANELS, PRINTS, LAMPS, LIGHTING FIXTURES, PICTURE FRAMES, EYE-GLASS CASES, TIMEPIECES, PERSONAL ACCESSORIES, DISHWARE, SCULPTURE, CANDLES, TOWELS, PINS, ICE BUCKETS, BARWARE, MOBILES, URNS, KNIVES, HOME FURNISHINGS, PILLOWS, UMBRELLAS, ART PRINTS, TOYS, CARDS, LETTER OPENERS, AND COMPUTER ACCESSORIES, ALL INSPIRED BY A NOTED ARCHITECT, ADAPTED FROM DESIGNS OF A NOTED ARCHITECT, AND DESIGNED BY A NOTED ARCHITECT; RETAIL SHOPS FEATURING GOODS IN THE FIELD OF FURNITURE, CLOTHING, HOME FURNISHINGS, OBJECTS OF INTERIOR DESIGN, JEWELRY, RUGS, ORNAMENTS, BOOKS, LUMINARIES, VASES, COASTERS, METAL AND WOOD ART GLASS PANELS, PRINTS, LAMPS, LIGHTING FIXTURES, PICTURE FRAMES, EYE-GLASS CASES, TIMEPIECES, PERSONAL ACCESSORIES, DISHWARE, SCULPTURE, CANDLES, TOWELS, PINS, ICE BUCKETS, BARWARE, MOBILES, URNS, KNIVES, HOME FURNISHINGS, PILLOWS, UMBRELLAS, ART PRINTS, TOYS, CARDS, LETTER OPENERS, AND COMPUTER ACCESSORIES, ALL INSPIRED BY A NOTED ARCHITECT, ADAPTED FROM DESIGNS OF A NOTED ARCHITECT, AND DESIGNED BY A NOTED ARCHITECT. AND MAIL, TELEPHONE AND FACSIMILE ORDER CATALOG SERVICES FEATURING GOODS IN THE FIELD OF FURNITURE, CLOTHING, HOME FURNISHINGS, OBJECTS OF INTERIOR DESIGN, JEWELRY, RUGS, ORNAMENTS, BOOKS, LUMINARIES, VASES, COASTERS, METAL AND WOOD ART GLASS PANELS, PRINTS, LAMPS, LIGHTING FIXTURES, PICTURE FRAMES, EYEGLASS CASES, TIMEPIECES, PERSONAL ACCESSORIES, DISHWARE, SCULPTURE, CANDLES, TOWELS, PINS, ICE BUCKETS, BARWARE, MOBILES, URNS, KNIVES, HOME FURNISHINGS, PILLOWS, UMBRELLAS, ART PRINTS, TOYS, CARDS, LETTER OPENERS, AND COMPUTER ACCESSORIES, ALL INSPIRED BY A NOTED ARCHITECT, ADAPTED FROM DESIGNS OF A NOTED ARCHITECT, AND DESIGNED BY A NOTED ARCHITECT, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 9-0-1997; IN COMMERCE 9-0-1997.

OWNER OF U.S. REG. NOS. 1,022,648, 1,901,709 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COLLECTION", APART FROM THE MARK AS SHOWN.

SER. NO. 78-011,785, FILED 6-8-2000.

JOHN GARTNER, EXAMINING ATTORNEY

Exhibit 10

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,621,370

## United States Patent and Trademark Office

Registered Sep. 17, 2002

## SERVICE MARK
### PRINCIPAL REGISTER

## FRANK LLOYD WRIGHT COLLECTION

FRANK LLOYD WRIGHT FOUNDATION, THE (ARIZONA NON-PROFIT CORPORATION)
P.O. BOX 4430
SCOTTSDALE, AZ 85261

FOR: COMPUTERIZED ON-LINE RETAIL SERVICES IN THE FIELD OF FURNITURE, CLOTHING, HOME FURNISHINGS, OBJECTS OF INTERIOR DESIGN, JEWELRY, RUGS, ORNAMENTS, BOOKS, LUMINARIES, VASES, COASTERS, METAL AND WOOD ART GLASS PANELS, PRINTS, LAMPS, LIGHTING FIXTURES, PICTURE FRAMES, EYE-GLASS CASES, TIMEPIECES, PERSONAL ACCESSORIES, DISHWARE, SCULPTURE, CANDLES, TOWELS, PINS, ICE BUCKETS, BARWARE, MOBILES, URNS, KNIVES, HOME FURNISHINGS, PILLOWS, UMBRELLAS, ART PRINTS, TOYS, CARDS, LETTER OPENERS, AND COMPUTER ACCESSORIES, ALL INSPIRED BY A NOTED ARCHITECT, ADAPTED FROM DESIGNS OF A NOTED ARCHITECT, AND DESIGNED BY A NOTED ARCHITECT; RETAIL SHOPS FEATURING GOODS IN THE FIELD OF FURNITURE, CLOTHING, HOME FURNISHINGS, OBJECTS OF INTERIOR DESIGN, JEWELRY, RUGS, ORNAMENTS, BOOKS, LUMINARIES, VASES, COASTERS, METAL AND WOOD ART GLASS PANELS, PRINTS, LAMPS, LIGHTING FIXTURES, PICTURE FRAMES, EYE-GLASS CASES, TIMEPIECES, PERSONAL ACCESSORIES, DISHWARE, SCULPTURE, CANDLES, TOWELS, PINS, ICE BUCKETS, BARWARE, MOBILES, URNS, KNIVES, HOME FURNISHINGS, PILLOWS, UMBRELLAS, ART PRINTS, TOYS, CARDS, LETTER OPENERS, AND COMPUTER ACCESSORIES, ALL INSPIRED BY A NOTED ARCHITECT,

ADAPTED FROM DESIGNS OF A NOTED ARCHITECT, AND DESIGNED BY A NOTED ARCHITECT. AND MAIL, TELEPHONE AND FACSIMILE ORDER CATALOG SERVICES FEATURING GOODS IN THE FIELD OF FURNITURE, CLOTHING, HOME FURNISHINGS, OBJECTS OF INTERIOR DESIGN, JEWELRY, RUGS, ORNAMENTS, BOOKS, LUMINARIES, VASES, COASTERS, METAL AND WOOD ART GLASS PANELS, PRINTS, LAMPS, LIGHTING FIXTURES, PICTURE FRAMES, EYEGLASS CASES, TIMEPIECES, PERSONAL ACCESSORIES, DISHWARE, SCULPTURE, CANDLES, TOWELS, PINS, ICE BUCKETS, BARWARE, MOBILES, URNS, KNIVES, HOME FURNISHINGS, PILLOWS, UMBRELLAS, ART PRINTS, TOYS, CARDS, LETTER OPENERS, AND COMPUTER ACCESSORIES, ALL INSPIRED BY A NOTED ARCHITECT, ADAPTED FROM DESIGNS OF A NOTED ARCHITECT, AND DESIGNED BY A NOTED ARCHITECT, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 9-0-1997; IN COMMERCE 9-0-1997.

OWNER OF U.S. REG. NOS. 1,022,648, 1,901,709 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COLLECTION" , APART FROM THE MARK AS SHOWN.

SER. NO. 78-011,790, FILED 6-8-2000.

JOHN GARTNER, EXAMINING ATTORNEY

Exhibit 11

Int. Cl.: 42

Prior U.S. Cl.: 100

## United States Patent and Trademark Office

Reg. No. 1,871,719
Registered Jan. 3, 1995

### SERVICE MARK
### PRINCIPAL REGISTER

## FRANK LLOYD WRIGHT

FRANK LLOYD WRIGHT FOUNDATION, THE (ARIZONA NON-PROFIT CORPORATION)
P.O. BOX 4430
SCOTTSDALE, AZ 85261

FOR: ARCHITECTURAL DESIGN SERVICES; RETAIL STORE, DEALERSHIP AND MAIL ORDER CATALOG SERVICES FEATURING GOODS DESIGNED BY FRANK LLOYD WRIGHT; NAMELY, COFFEE SERVICES; TABLEWARE; GLASSWARE; CANDLESTICKS; FURNITURE; VASES; TABLE-TOP ACCESSORIES; WALL COVERINGS; RUGS; FABRIC PANELS, ART GLASS WINDOWS; LAMPS; JEWELRY; LIGHTING FIXTURES; WALL SCONCES, IN CLASS 42 (U.S. CL. 100).

FIRST USE 1-0-1953; IN COMMERCE 1-0-1953.

OWNER OF U.S. REG. NOS. 1,022,252, 1,631,974 AND OTHERS.

"FRANK LLOYD WRIGHT" IS A DECEASED PERSON WHO WAS THE FOUNDER OF APPLICANT.

SER. NO. 74-474,335, FILED 12-29-1993.

CINDI GREENBAUM, EXAMINING ATTORNEY

Exhibit 12

Int. Cl.: 16

Prior U.S. Cl.: 38

**Reg. No. 1,901,709**

## United States Patent and Trademark Office   Registered June 27, 1995

### TRADEMARK
### PRINCIPAL REGISTER

## FRANK LLOYD WRIGHT

FRANK LLOYD WRIGHT FOUNDATION, THE (ARIZONA NOT-FOR-PROFIT CORPORATION)
13201 NORTH 108 STREET
SCOTTSDALE, AZ 85259

FOR: PRINTED MATTER, NAMELY BOOKS ABOUT THE LIFE, CAREER AND ARCHITECTURAL WORKS OF FRANK LLOYD WRIGHT, IN CLASS 16 (U.S. CL. 38).

FIRST USE 10-1-1993; IN COMMERCE 10-1-1993.

OWNER OF U.S. REG. NOS. 1,022,648, 1,677,140 AND OTHERS.

SER. NO. 74-503,189, FILED 3-22-1994.

CINDI GREENBAUM, EXAMINING ATTORNEY