Marvin S. Gittes (MG-6112)
Timur E. Slonim (TS-0915)
**MINTZ, LEVIN, COHN, FERRIS,**
 **GLOVSKY and POPEO, P.C.**
666 Third Avenue
New York, New York 10017
Tel.:   (212) 692-6800
Fax:   (212) 983-3115

*Attorneys For Hampton Court Jewelers Ltd. d/b/a Cellini Fine Jewelry*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

THE FRANK LLOYD WRIGHT FOUNDATION,
an Arizona not-for-profit corporation,

                             Plaintiff,

           vs.

HAMPTON COURT JEWELERS LTD. d/b/a
CELLINI FINE JEWELRY, a New York domestic
business corporation,

                           Cellini.

---------------------------------------------------------------- x

Civil Action No.

ECF Case 08-cv-00422 (NRB)

**CELLINI'S ANSWER**

    Defendant Hampton Court Jewelers Ltd. d/b/a Cellini Fine Jewelry ("Cellini"), by its

attorneys Mintz Levin Cohn Ferris Glovsky and Popeo, P.C. hereby answers Plaintiff The Frank

Lloyd Wright Foundation's ("Foundation") Complaint (the "Complaint") as follows:

<b><u>NATURE OF THE ACTION</u></b>

    1.   Cellini is without knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 1 of the Complaint, and therefore denies them.   Cellini

specifically denies the allegations contained in the last sentence of paragraph 1 of the

Complaint.

**PARTIES**

2.  Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies them.

3.  Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies them.

4.  Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore denies them.

5.  Cellini admits that it is a duly authorized New York corporation with its principal corporate offices at 301 Park Avenue, New York, New York.  Except as expressly admitted, Cellini denies the remaining allegations contained in paragraph 5.

6.  Cellini admits that it operates two retail stores engaged in the sale of fine jewelry and timepieces.  Except as expressly admitted, Cellini denies the remaining allegations contained in paragraph 6.

**JURISDICTION AND VENUE**

7.  Cellini admits that the Foundation purports to base jurisdiction on 28 U.S.C. §§ 1331 and 1338(a) and (b).

8.  Cellini admits that the Foundation purports to base jurisdiction on 28 U.S.C. § 1367.

9.  Cellini admits that the Foundation purports to base jurisdiction on 28 U.S.C. § 1332(a).

10. Cellini admits the allegations contained in paragraph 10 of the Complaint.

**FACTS**

11. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies them.

12. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies them.

13. Cellini admits the allegations contained in paragraph 13 of the Complaint.

14. Cellini admits that it is an authorized dealer of timepieces by Cartier, Piaget, and Ulysse Nardin. Except as expressly admitted, Cellini denies the remaining allegations contained in paragraph 14.

15. Cellini admits that it is a retailer of fine jewelry and also a retailer of timepieces, including those that are identified by third-party trademarks. Except as expressly admitted, Cellini denies the remaining allegations contained in paragraph 15.

16. Cellini admits a Certificate of Copyright Registration No. VA 135-504 is attached to the Complaint as Exhibit 1. Cellini also admits that the Foundation attached certain excerpts as Exhibit 2 to the Complaint and refers to the full work from which the attached materials were excerpted for the full content and legal effect thereof. As to all other allegations contained in paragraph 16, Cellini is without knowledge or information sufficient to form a belief as to their truth and therefore denies them.

17. Cellini admits a Certificate of Copyright Registration No. VA 272-687 is attached to the Complaint as Exhibit 3. Cellini also admits that the Foundation attached certain excerpts as Exhibit 4 to the Complaint and refers to the full work from which the attached materials were excerpted for the full content and legal effect thereof. As to all other allegations contained in paragraph 17, Cellini is without knowledge or information sufficient to form a belief as to their truth and therefore denies them.

18. Cellini denies the allegations contained in paragraph 18 of the Complaint

19. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies them.

20. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore denies them.

21. Cellini denies that it marketed or sold a jewelry collection called the "'Wright Stuff' jewelry collection."  Cellini further avers that it had been marketing and selling a jewelry collection it referred to as the "Art Deco" jewelry collection, which it introduced in the Fall of 2006

22. Cellini denies the allegations contained in paragraph 22 of the Complaint.

23. Cellini denies the allegations contained in paragraph 23 of the Complaint.

24. Cellini denies the allegations contained in paragraph 24 of the Complaint.

25. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and therefore denies them.

26. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore denies them.

27. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and therefore denies them.

28. Cellini admits that it is aware of an architect commonly referred to as Frank Lloyd Wright. Except as expressly admitted, Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and therefore denies them.

29. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and therefore denies them

30. Cellini refers to its full catalogs for their full content and legal effect thereof. Except as expressly admitted, Cellini denies the remaining allegations contained in paragraph 30 of the Complaint.

31. Cellini denies the allegations contained in paragraph 31 of the Complaint.

32. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and therefore denies them.

33. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and therefore denies them.

34. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and therefore denies them.

35. Cellini admits that front and back covers of a version of its Holiday 2006 catalog was attached to the Complaint as Exhibit 5 and refers to its full catalogs for their full content and legal effect thereof. Except as expressly admitted, Cellini denies the remaining allegations contained in paragraph 35 of the Complaint.

36. Cellini admits that different versions of its Fall 2006 catalogs were made available on Cellini's website www.cellinijewelers.com at certain points in time.  Except as expressly admitted, Cellini denies the remaining allegations contained in paragraph 36 of the Complaint.

37. Cellini denies the allegations contained in paragraph 37 of the Complaint.

38. Cellini denies the allegations contained in paragraph 38 of the Complaint.

39. Cellini denies the allegations contained in paragraph 39 of the Complaint.

40. Cellini denies the allegations contained in paragraph 40 of the Complaint

41. Cellini denies the allegations contained in paragraph 41 of the Complaint.

## <u>COUNT I</u>
(COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. §§ 101 et seq.)

42. Cellini repeats and incorporates by this reference each and every answer to each and every allegation set forth in Paragraphs 1 through 41, above.

43. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, and therefore denies them.

44. Cellini submits that the allegations in paragraph 44 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 44 of the Complaint.

45. Cellini denies the allegations contained in paragraph 45 of the Complaint.

46. Cellini denies the allegations contained in paragraph 46 of the Complaint.

47. Cellini admits that the Foundation attached certain materials as Exhibit 6 to the Complaint. Except as expressly admitted, Cellini denies the remaining allegations contained in paragraph 47 of the Complaint.

48. Cellini submits that the allegations in paragraph 48 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 48 of the Complaint.

49. Cellini submits that the allegations in paragraph 49 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 49 of the Complaint.

50. Cellini submits that the allegations in paragraph 50 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 50 of the Complaint.

51. Cellini submits that the allegations in paragraph 51 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 51 of the Complaint.

52. Cellini submits that the allegations in paragraph 52 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 52 of the Complaint.

## COUNT II
(TRADEMARK COUNTERFEITING AND TRADEMARK INFRINGEMENT
PURSUANT TO 15 U.S.C. § 1114 et seq.)

53. Cellini repeats and incorporates by this reference each and every answer to each and every allegation set forth in Paragraphs 1 through 52, above.

54. Cellini admits that the Foundation attached certain trademark registrations certificates as Exhibits 7 - 12 to the Complaint. Except as expressly admitted, Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, and therefore denies them.

55. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint, and therefore denies them.

56. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint, and therefore denies them.

57. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint, and therefore denies them.

58. Cellini refers to the trademark registrations cited in paragraph 58 of the Complaint for their full content and legal effect thereof. Except as expressly admitted, Cellini denies the remaining allegations contained in paragraph 58 of the Complaint

59. Cellini denies the allegations contained in paragraph 59 of the Complaint.

60. Cellini denies the allegations contained in paragraph 60 of the Complaint.

61. Cellini submits that the allegations in paragraph 61 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 61 of the Complaint.

62. Cellini denies the allegations contained in paragraph 62 of the Complaint.

63. Cellini submits that the allegations in paragraph 63 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 63 of the Complaint.

64. Cellini denies the allegations contained in paragraph 64 of the Complaint.

65. Cellini submits that the allegations in paragraph 65 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 65 of the Complaint.

66. Cellini submits that the allegations in paragraph 66 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 66 of the Complaint.

67. Cellini submits that the allegations in paragraph 67 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 67 of the Complaint.

68. Cellini submits that the allegations in paragraph 68 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 68 of the Complaint.

69. Cellini submits that the allegations in paragraph 69 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 69 of the Complaint.

70. Cellini submits that the allegations in paragraph 70 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 70 of the Complaint.

71. Cellini submits that the allegations in paragraph 71 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 71 of the Complaint.

## COUNT III
### (TRADEMARK DILUTION PURSUANT TO 15 U.S.C. § 1125(c))

72. Cellini repeats and incorporates by this reference each and every answer to each and every allegation set forth in Paragraphs 1 though 71, above.

73. Cellini denies the allegations contained in paragraph 73 of the Complaint.

74. Cellini submits that the allegations in paragraph 74 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 74 of the Complaint.

75. Cellini denies the allegations contained in paragraph 75 of the Complaint.

76. Cellini denies the allegations contained in paragraph 76 of the Complaint.

77. Cellini denies the allegations contained in paragraph 77 of the Complaint.

78. Cellini submits that the allegations in paragraph 78 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 78 of the Complaint.

79. Cellini submits that the allegations in paragraph 79 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 79 of the Complaint.

80. Cellini denies the allegations contained in paragraph 80 of the Complaint.

81. Cellini submits that the allegations in paragraph 81 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 81 of the Complaint.

82. Cellini submits that the allegations in paragraph 82 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 82 of the Complaint.

**COUNT IV**
(UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, FALSE
ADVERTISING, AND FALSE ENDORSEMENT PURSUANT TO 15 U.S.C. § 1125(a))

83. Cellini repeats and incorporates by this reference each and every answer to each and every allegation set forth in Paragraphs 1 through 82, above.

84. Cellini submits that the allegations in paragraph 84 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 84 of the Complaint.

85. Cellini submits that the allegations in paragraph 85 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 85 of the Complaint.

86. Cellini denies the allegations contained in paragraph 86 of the Complaint.

87. Cellini denies the allegations contained in paragraph 87 of the Complaint.

88. Cellini submits that the allegations in paragraph 88 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 88 of the Complaint.

89. Cellini submits that the allegations in paragraph 89 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 89 of the Complaint.

90. Cellini submits that the allegations in paragraph 90 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 90 of the Complaint.

91. Cellini submits that the allegations in paragraph 91 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 91 of the Complaint.

## **COUNT V**
### (COMMON LAW UNFAIR COMPETITION-THE COPYRIGHTED WORKS)

92. Cellini repeats and incorporates by this reference each and every answer to each and every allegation set forth in Paragraphs 1 through 91, above.

93. Cellini denies the allegations contained in paragraph 93 of the Complaint.

94. Cellini denies the allegations contained in paragraph 94 of the Complaint.

95. Cellini denies the allegations contained in paragraph 95 of the Complaint.

96. Cellini submits that the allegations in paragraph 96 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 96 of the Complaint.

97. Cellini denies the allegations contained in paragraph 97 of the Complaint.

98. Cellini denies the allegations contained in paragraph 98 of the Complaint.

99. Cellini submits that the allegations in paragraph 99 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 99 of the Complaint.

100. Cellini submits that the allegations in paragraph 100 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 100 of the Complaint.

## COUNT VI
### (COMMON LAW UNFAIR COMPETITION-THE MARKS)

101.   Cellini repeats and incorporates by this reference each and every answer to each and every allegation set forth in Paragraphs I through 100, above.

102.   Cellini denies the allegations contained in paragraph 102 of the Complaint.

103.   Cellini denies the allegations contained in paragraph 103 of the Complaint.

104.   Cellini denies the allegations contained in paragraph 104 of the Complaint.

105.   Cellini denies the allegations contained in paragraph 105 of the Complaint.

106.   Cellini submits that the allegations in paragraph 106 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 106 of the Complaint.

107.   Cellini submits that the allegations in paragraph 107 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 107 of the Complaint.

108.   Cellini submits that the allegations in paragraph 108 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 108 of the Complaint.

109.   Cellini submits that the allegations in paragraph 109 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 109 of the Complaint.

## COUNT VII
### (VIOLATION OF NEW YORK'S ANTI-DILUTION STATUTE
### NEW YORK GENERAL BUSINESS LAW §360-1)

110.   Cellini repeats and incorporates by this reference each and every answer to each and every allegation set forth in Paragraphs 1 through 109, above.

111.   Cellini denies the allegations contained in paragraph 111 of the Complaint.

112.   Cellini submits that the allegations in paragraph 112 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 112 of the Complaint.

113.   Cellini denies the allegations contained in paragraph 113 of the Complaint.

114.   Cellini submits that the allegations in paragraph 114 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 114 of the Complaint.

115.   Cellini submits that the allegations in paragraph 115 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 115 of the Complaint.

116.   Cellini submits that the allegations in paragraph 116 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 116 of the Complaint.

117.   Cellini submits that the allegations in paragraph 117 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 117 of the Complaint.

118.   Cellini submits that the allegations in paragraph 118 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 118 of the Complaint.

119.   Cellini submits that the allegations in paragraph 119 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 119 of the Complaint.

## COUNT VIII
### (UNLAWFUL DECEPTIVE ACTS AND PRACTICES
### NEW YORK GENERAL BUSINESS LAW §349)

120. Cellini repeats and incorporates by this reference each and every answer to each and every allegation set forth in Paragraphs 1 through 119, above.

121. Cellini denies the allegations contained in paragraph 121 of the Complaint.

122. Cellini denies the allegations contained in paragraph 122 of the Complaint.

123. Cellini denies the allegations contained in paragraph 123 of the Complaint.

124. Cellini submits that the allegations in paragraph 124 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 124 of the Complaint.

125. Cellini submits that the allegations in paragraph 125 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 125 of the Complaint.

## COUNT IX
### (VIOLATION OF RIGHT OF PUBLICITY)

126. Cellini repeats and incorporates by this reference each and every answer to each and every allegation set forth in Paragraphs 1 through 125, above.

127. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Complaint, and therefore denies them.

128. Cellini is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Complaint, and therefore denies them.

129. Cellini denies the allegations contained in paragraph 129 of the Complaint.

130. Cellini denies the allegations contained in paragraph 130 of the Complaint.

131. Cellini denies the allegations contained in paragraph 131 of the Complaint.

132.   Cellini denies the allegations contained in paragraph 132 of the Complaint.

133.   Cellini submits that the allegations in paragraph 133 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 133 of the Complaint.

134.   Cellini submits that the allegations in paragraph 134 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 134 of the Complaint.

135.   Cellini submits that the allegations in paragraph 135 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, Cellini denies the allegations contained in paragraph 135 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As to all claims for relief, Cellini alleges that even if the Foundation's allegations were true, which Cellini denies, the Foundation's conduct was such that the Foundation is barred by the doctrine of laches from pursuing its claims.

### SECOND AFFIRMATIVE DEFENSE

As to all claims for relief, Cellini alleges that its acts constitute fair use pursuant to 17 U.S.C. § 107 and 15 U.S.C. § 1115(b)(4).

### THIRD AFFIRMATIVE DEFENSE

As to all claims for relief, Cellini alleges that if the Foundation suffered any damages or losses as alleged in the Complaint, said damages or losses were caused wholly or in part by the acts, omissions, or fraud of third party entities, including, but not limited to, Bagués-Masriera S.A., and by reason thereof, any damages assessed against this Cellini should be reduced by an amount proportionate with the amount by which the acts, omissions, or fraud of any third party caused or contributed to said damages.

### FOURTH AFFIRMATIVE DEFENSE

As to Counts II, VIII, and IX, Cellini alleges that the Foundation fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

As to Count I of the Complaint for Copyright Infringement, the Foundation's claim is barred because the Foundation's claimed copyrights are invalid or otherwise unenforceable.

### SIXTH AFFIRMATIVE DEFENSE

As to Count I of the Complaint for Copyright Infringement, Cellini alleges that it was not aware and had no reason to believe that its acts may be deemed by others as copyright infringement.

## **RELIEF REQUESTED**

WHEREFORE, Cellini respectfully requests the following relief:

1.      A judgment in favor of Cellini denying the Foundation all relief requested in its

Complaint in this action and dismissing the Foundation's Complaint with prejudice;

2.      That Cellini be awarded its costs of suit, including reasonable attorney's fees;

and

3.      That the Court award Cellini such other and further relief as the Court deems

just and proper.

Dated:  New York, New York
      March 24, 2008

                **MINTZ LEVIN COHN FERRIS
                 GLOVSKY & POPEO, P.C.,**

                By: /s/ MARVIN S. GITTES
                Marvin S. Gittes (MG-6112)
                Timur E. Slonim (TS-0915)
                666 Third Avenue
                New York, New York
                Tel.:  (212) 692-6800
                Fax:  (212) 983-3115
                E-mail:        msgittes@mintz.com
                                tslonim@mintz.com

                *Attorneys for Cellini*
                *Hampton Court Jewelers Ltd.*
                *d/b/a Cellini Fine Jewelry*

OF COUNSEL:

Geri L. Haight, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111
Tel.:    (617) 542-6000
Fax:    (617) 542-2241

Marvin S. Gittes (MG 6112)
Timur E. Slonim (TS 0915)
**MINTZ LEVIN COHN FERRIS**
 **GLOVSKY and POPEO, P.C.**
666 Third Avenue
New York, New York 10017
Tel.:    (212) 692-6800
Fax:    (212) 983-3115

Attorneys for Cellini Hampton Court Jewelers Ltd. d/b/a Cellini Fine Jewelry

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE FRANK LLOYD WRIGHT FOUNDATION, an Arizona not-for-profit corporation, | : : : |
| Plaintiff, | : ECF Case 08-cv-00422 (NRB) : |
| vs. | : **NOTICE OF APPEARANCE** : |
| | : |
| HAMPTON COURT JEWELERS LTD. d/b/a CELLINI FINE JEWELRY, a New York domestic business corporation, | : : : |
| | : |
| Cellinis. | : |

        PLEASE TAKE NOTICE that Marvin S. Gittes and Timur E. Slonim of the law firm of

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. hereby appear as counsel for Cellini

Hampton Court Jewelers Ltd. d/b/a Cellini Fine Jewelry in this action and request that all

subsequent papers be served upon this firm at the address indicated below.

Please add the following to the service list for this proceeding:

Marvin S. Gittes (MG-6112)
Timur E. Slonim (TS- 0915)
c/o Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
666 Third Avenue
New York, New York
Tel.:  (212) 692-6800
Fax:  (212) 983-3115

Dated:  New York, New York
        March 24, 2008

**MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO, P.C.,**

By:    /s/ MARVIN S. GITTES
       Marvin S. Gittes (MG-6112)
       Timur E. Slonim (TS-0915)
       666 Third Avenue
       New York, New York
       Tel.:  (212) 692-6800
       Fax:  (212) 983-3115
       E-mail:msgittes@mintz.com
              tslonim@mintz.com

       *Attorneys for Cellini
       Hampton Court Jewelers Ltd.
       d/b/a Cellini Fine Jewelry*

OF COUNSEL:

Geri L. Haight, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111
Tel.:    (617) 542-6000
Fax:    (617) 542-2241

Marvin S. Gittes (MG-6112)
Timur E. Slonim (TS-0915)
**MINTZ LEVIN COHN FERRIS**
 **GLOVSKY and POPEO, P.C.**
666 Third Avenue
New York, New York 10017
Tel.:    (212) 692-6800
Fax:    (212) 983-3115

*Attorneys for Cellini Hampton Court Jewelers Ltd. d/b/a Cellini Fine Jewelry*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| THE FRANK LLOYD WRIGHT FOUNDATION, an Arizona not-for-profit corporation, | : : : | |
| | : | ECF Case 08-cv-00422 (NRB) |
| Plaintiff, | : | |
| | : | **RULE 7.1 DISCLOSURE** |
| vs. | : | **STATEMENT** |
| | : | |
| HAMPTON COURT JEWELERS LTD. d/b/a CELLINI FINE JEWELRY, a New York domestic business corporation, | : : : | |
| | : | |
| Cellinis. | : | |

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and to enable judges and magistrate judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel of record for Cellini HAMPTON COURT JEWELERS LTD. d/b/a CELLINI FINE JEWELRY ("Cellini") hereby states that Cellini has no parent corporation and no publicly held corporation owns more than 10% of its stock.

Dated: New York, New York
      March 24, 2008

**MINTZ LEVIN COHN FERRIS**
**GLOVSKY & POPEO, P.C.,**


By:    <u>/s/ MARVIN S. GITTES</u>
        Marvin S. Gittes (MG-6112)
        Timur E. Slonim (TS-0915)
        666 Third Avenue
        New York, New York
        Tel.:  (212) 692-6800
        Fax:  (212) 983-3115
        E-mail: msgittes@mintz.com
                tslonim@mintz.com


        Attorneys for Cellini Hampton Court
        Jewelers Ltd. d/b/a Cellini Fine Jewelry

OF COUNSEL:

Geri L. Haight, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111
Tel.:    (617) 542-6000
Fax:    (617) 542-2241

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on March 24, 2008, a copy of the **NOTICE OF**

**APPEARANCE,  RULE 7.1 DISCLOSURE STATEMENT and CELLINI'S ANSWER**

was served upon the following counsel of record by electronic mail:


**Anika Lewis**
**Michael Glenn Goldberg**
Pryor Cashman LLP
410 Park Avenue
New York, NY 10022
(212) 326-0129
Fax: (212) 798-6939
Email: <u>alewis@pryorcashman.com</u>


                                                            /s/ MARVIN S. GITTES

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 24, 2008, a copy of the **NOTICE OF**

**APPEARANCE,  RULE 7.1 DISCLOSURE STATEMENT and CELLINI'S ANSWER**

was served upon the following counsel of record by electronic mail:


**Anika Lewis**
**Michael Glenn Goldberg**
Pryor Cashman LLP
410 Park Avenue
New York, NY 10022
(212) 326-0129
Fax: (212) 798-6939
Email: alewis@pryorcashman.com


/s/ MARVIN S. GITTES

22